IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACOB ANDERSON, an individual,<br><br>              Plaintiff,<br><br>   v.<br><br>HYDROMAX USA, LLC, an Indiana Corporation; and Does 1-10, inclusive,<br><br>              Defendants. | No.  2:21-cv-01143<br><br>NOTICE OF REMOVAL<br>(Diversity)<br><br>(from King County Superior Court, Case No. 21-2-07723-1 SEA) |

TO:        The Clerk and the Honorable Judges of the U.S. District Court for the Western District of Washington;

AND TO:    Jacob Anderson, Plaintiff;

AND TO:    Raeanne Miller and Daniel Cairns, Counsel for Plaintiff.

Under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Hydromax USA, LLC, which is misnamed as "Hydromax USA, LLC, an Indiana Corporation" (hereinafter "Defendant"), by and through its undersigned attorneys, hereby removes this action from King County Superior Court to this Court on the grounds of diversity jurisdiction.

The following statement is submitted under 28 U.S.C. § 1446(a):

NOTICE OF REMOVAL (DIVERSITY)- 1
(Case No. 2:21-cv-01143)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

# COMMENCEMENT

1. Plaintiff filed his Complaint for Damages in King County Superior Court, designated as Case No. 21-2-07723-1 SEA on June 11, 2021. Declaration of Michael A. Griffin ("Griffin Decl.") ¶2. A true and correct copy of Plaintiff's Complaint for Damages is attached hereto as **Attachment A**. Defendant was served with copies of the Summons and Complaint on July 26, 2021. *Id.* ¶3.

# DIVERSITY JURISDICTION

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between the parties; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

3. Plaintiff resides in Washington. **Attachment A**, Complaint ¶2.2. On information and belief, Plaintiff is a citizen of Washington.

4. "A limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quoting *Johnson v. Columbia Props. Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006)). Here, Defendant Hydromax USA, LLC is a limited liability company that is wholly owned by HUSA Buyer, Inc. Declaration of Thomas Fredrickson ("Fredrickson Decl.") ¶2. HUSA Buyer, Inc. is incorporated in Delaware, and its principal place of business is located in San Francisco, California. *Id.* ¶3. Therefore, Defendant Hydromax USA, LLC is a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010).

5. Plaintiff also listed ten fictious "Doe" defendants. **Attachment A**, Complaint ¶2.4. The Court does not consider the citizenship of fictious "Doe" defendants for purposes of assessing removal based on diversity jurisdiction. 28 U.S.C. § 1441(b)(1); *Bryan v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989).

6. Complete diversity exists where each plaintiff is of diverse citizenship from each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Here, Plaintiff

NOTICE OF REMOVAL (DIVERSITY)- 2
(Case No. 2:21-cv-01143)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

is a citizen of Washington, and Defendant is a citizen of Delaware and California. As a result, complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a)(1), (c)(1).

## AMOUNT IN CONTROVERSY

7. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

8. Under LCR 101(a), Defendant has a good faith belief that the amount in controversy exceeds $75,000, notwithstanding the fact that the Complaint and its Prayer for Relief do not specify the dollar amount of damages being sought, for the reasons stated in the following paragraphs.

9. Plaintiff alleges that Defendant wrongfully discharged Plaintiff in violation of public policy and violated the Washington Law Against Discrimination (WLAD) by (1) failing to reasonably accommodate his alleged disability, (2) engaging in disparate treatment disability discrimination, and (3) unlawfully retaliating against Plaintiff. **Attachment A**, Complaint ¶¶4.1-5.9.

10. First, Plaintiff seeks economic damages. *Id.* at Prayer for Relief ¶B. Under the WLAD, such damages include back pay and front pay. RCW 49.60.030(2); *e.g.*, *Martini v. Boeing Co.*, 137 Wn.2d 357, 359, 378 (1999). Back pay through trial and front pay both count towards the amount in controversy for removal purposes. *See Rush v. Victoria's Secret Stores, LLC*, Case No. C19-0985RSL, 2019 U.S. Dist. LEXIS 145706, at *2 (W.D. Wash. Aug. 27, 2019) (denying a motion to remand a WLAD case because the diversity jurisdictional threshold was met when including back pay through trial, potential emotional distress damages, and reasonable attorney fees); *Matthiesen v. AutoZone Stores, Inc.*, Case No. 2:15-CV-0080-TOR, 2015 WL 3453418, 2015 U.S. Dist. LEXIS 69932, at *6-7 (E.D. Wash. May 29, 2015) (back pay and front pay both count toward meeting the amount in controversy requirement).

11. At the time of Plaintiff's separation from employment on or about July 24, 2018, he was a full-time employee, earning $18.50 per hour, exclusive of benefits. Fredrickson Decl. ¶4. Therefore, if Plaintiff is successful at a trial, quite conservatively estimated at 12 months from

NOTICE OF REMOVAL (DIVERSITY)- 3
(Case No. 2:21-cv-01143)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

now, Plaintiff reasonably could recover approximately $157,300 through trial in backpay alone, not including prejudgment interest or other possible damages enhancements.  Griffin Decl. ¶4.  Further, if successful at trial, it is also possible that Plaintiff might be awarded front pay in addition to an award of back pay.  *Id.*

12. Second, Plaintiff seeks his attorney fees and costs, which itself is reasonably expected to exceed the $75,000 amount in controversy requirement.  **Attachment A**, Complaint, Prayer for Relief ¶D.  Attorney fees are included in computing the amount in controversy.  *E.g., Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).  This includes the amount of expected future attorney fees because they are "at stake" in the litigation.  *Id.* at 794 (quoting and applying *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)).  RCW 49.60.030(2) and Washington case law on the claim of termination in violation of public policy both authorize an award of reasonable attorney fees to a successful plaintiff.  If Plaintiff prevails at trial, it is reasonable to conclude that his attorneys' fee petition alone would exceed $75,000. Griffin Decl. ¶5.

13. Therefore, based on Plaintiff's Complaint for Damages and his requested relief, the amount in controversy here exceeds $75,000, and this action is between citizens of different states.  Therefore, this Court has original jurisdiction over this civil action.  28 U.S.C. § 1332(a)(1).

## STATE COURT PROCEEDINGS

14. On June 11, 2021, the state court issued an Order Setting Civil Case Schedule.

15. On June 11, 2021, a Case Information Cover Sheet was filed.

16. On June 11, 2021, Plaintiff filed a copy of the Summons.

17. On July 28, 2021, Plaintiff filed a copy of the Declaration of Service.

18. On August 19, 2021, Defendant's counsel filed a notice of appearance in the state court action but have not filed any responsive pleadings.

19. No further proceedings have been had in the state court as of the date of this Notice.

NOTICE OF REMOVAL (DIVERSITY)- 4
(Case No. 2:21-cv-01143)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

**TIMELY REMOVAL**

20. This Notice of Removal is being timely filed within 30 days of July 26, 2021, when Defendant was served with the initial pleading upon which this removal is based. *See* 28 U.S.C. § 1446(b)(2)(B).

**VENUE**

21. Under 28 U.S.C. § 1441(a), this Court is the appropriate venue for removal because it is the federal district court for the district and division where the King County Superior Court case is pending.

**NOTICE TO THE STATE COURT AND TO PLAINTIFF
OF FILING NOTICE OF REMOVAL**

22. Under 28 U.S.C. § 1446(d), and as affirmed in the attached Declaration of Service, Defendant has served Plaintiff with this Notice of Removal and with the Notice to State Court of Removal to Federal Court. Under 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being filed with the King County Superior Court, attached to a pleading entitled Notice to State Court of Removal to Federal Court.

**STATE COURT RECORDS**

23. Under 28 U.S.C. § 1446(a) and LCR 101(b)(1), Defendant is attaching a true and correct copy of the Complaint as **Attachment A**. Under LCR 101(c), a Verification of State Court Records will be filed within 14 days of this Notice of Removal, which will include copies of the original pleadings, as well as copies of all additional records and proceedings appearing in the state court file, under a verification by counsel that these are true and complete copies of all the records and proceedings in the state court proceeding.

24. Defendant reserves the right to amend or supplement the statement of Defendant's grounds for removal of this case based upon discovery exchanged between the parties or circumstances that become known during the investigation of the case.

25. Based on the above, Defendant respectfully ask this Court to accept removal of this action on the ground of diversity jurisdiction.

NOTICE OF REMOVAL (DIVERSITY)- 5
(Case No. 2:21-cv-01143)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

DATED this 24th day of August, 2021.

Respectfully submitted,

JACKSON LEWIS P.C.

By: *[signature]*
Michael A. Griffin, WSBA #29103
520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone: 206-626-6416
Facsimile: 206-405-4450
Michael.Griffin@jacksonlewis.com

By: *[signature]*
Jonathan M. Minear, WSBA #41377
520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone: 206-626-6432
Facsimile: 206-405-4450
Jonathan.Minear@jacksonlewis.com

Counsel for Defendant Hydromax USA, LLC

NOTICE OF REMOVAL (DIVERSITY)- 6
(Case No. 2:21-cv-01143)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the United States of America that a true and accurate copy of the document to which this declaration is affixed was sent to the following:

Raeanne Miller, WSBA #55786
RAEANNE MILLER LAW FIRM
9500 Roosevelt Way NE, Suite 310
Seattle, WA 98115
RaeanneMillerLaw@outlook.com

Daniel Cairns, WSBA #49950
VASHON LAW FIRM PLLC
13401 Vashon Hwy SW
Vashon, WA 98070
Daniel@vashonlawfirm.com

Counsel for Plaintiff

☒ via CM/ECF System
☒ via Electronic Mail
☐ via USPS Mail
☒ via Federal Express
☐ via Hand-delivery
☐ Other: _____

DATED this 24th day of August, 2021.

_____
Nani Vo

4850-4578-5335, v. 1

NOTICE OF REMOVAL (DIVERSITY)- 7
(Case No. 2:21-cv-01143)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404