Attachment A

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON

IN AND FOR KING COUNTY

| | |
|---|---|
| JACOB ANDERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HYDROMAX USA, LLC, an Indiana Corporation, and Does 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## I.    NATURE OF THE ACTION

1.1    Plaintiff JACOB ANDERSON ("Plaintiff") brings this action against

HYDROMAX USA, LLC ("Defendant" or "Hydromax") to redress the deprivation of rights

secured through the Washington Law Against Discrimination, RCW 49.60 *et seq.* ("WLAD")

and the common law tort of Wrongful Termination in Violation of Public Policy. Plaintiff

alleges Defendant engaged in unlawful employment practices against him; specifically,

discrimination of the basis of disability; failure to accommodate, and termination in violation

of public policy.

## II.    PARTIES, JURISDICTION AND VENUE

2.1    Plaintiff realleges and incorporates by reference each and every allegation set

forth in the preceding paragraph.

VASHON LAW FIRM PLLC
13401 VASHON HWY SW
VASHON, WA 98070
253-242-3027
WWW.VASHONLAWFIRM.COM

2.2     Plaintiff is a resident of the State of Washington. He is of age and is otherwise qualified to bring this action.

2.3     Hydromax is in the business of pipeline inspection and other services supporting the utility industry. They are an Indiana corporation doing business in Washington State, including in King County.

2.4     Defendants Does 1-10 are each subsidiaries, parent companies, holding companies, alter egos, owners, representatives, or successors of Hydromax. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants sued in the Complaint under the fictitious names of Defendants Does 1-10, inclusive, are unknown to Plaintiff who therefore sues defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Each of the Doe Defendants were the employer of Plaintiff, including under RCW 49.60 et seq., and/or are responsible in some manner for the occurrences herein alleged.

2.5     Under the doctrine of *respondeat superior*, Hydromax is liable for the conduct of its employees, which in all respects material hereto was within the course and scope of their employment.

2.6     This Court has jurisdiction under RCW 2.08.010 because Plaintiff requests legal relief exceeding $300.00.

2.7     Venue is proper in King County, Washington under RCW 4.12.025(1)(a), RCW 4.12.025(1)(a), RCW 4.12.025(3)(b), and/or RCW 4.12.025(3)(d). Defendant transacts business in King County. Defendant transacted business in King County at the time Plaintiff's causes of action arose. Plaintiff's allegations set forth below occurred while he performed work for Defendant in King County.

VASHON LAW FIRM PLLC
13401 VASHON HWY SW
VASHON, WA 98070
253-242-3027
WWW.VASHONLAWFIRM.COM

### III.    STATEMENT OF FACTS

3.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

3.2    The following facts are not exhaustive and merely provide support for Plaintiff's claims.

3.3    Defendant engaged in unlawful employment practices against Plaintiff while he was employed by Hydromax, in violation of RCW 49.60 *et seq.*

3.4    Defendant is in the business of pipeline inspection and utility data collection and analysis.

3.5    Plaintiff began working at Defendant around March 20, 2017. The job he was hired to do was "GIS Specialist". This was a fulltime position with a starting wage of $18.50 per hour. Mr. Anderson's position was non-exempt.

3.6    On approximately June 15, 2018, Plaintiff was injured on the job. He sought medical care for the workplace injury.

3.7    The physical injuries affected Plaintiff's ability to work and perform other major life activities.

3.8    Immediately following the injury, instead of taking Plaintiff to seek medical treatment for his injury, Hydromax ordered a blood alcohol and 5-Panel DOT Lab Based Drug Test for Mr. Anderson. The results were negative. Plaintiff had suffered a head injury and was not fully aware of what Hydromax was doing to him. He did not consent to the drug test. Only after the drug test did Hydromax take Plaintiff to the emergency room for treatment of his plainly apparent workplace injury.

3.9    Because of his injury, Plaintiff required accommodations to perform his work.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 3 of 9

VASHON LAW FIRM PLLC
13401 VASHON HWY SW
VASHON, WA 98070
253-242-3027
WWW.VASHONLAWFIRM.COM

1    With reasonable accommodation, he would have been able to perform his job at Hydromax.

2    Plaintiff informed Hydromax of his needs for accommodation. Hydromax became aware that

3    Plaintiff's ability to work was affected by his injuries and that he needed an accommodation.

4         3.10    Plaintiff filed an industrial insurance (workers' compensation) claim with the

5    Department of Labor and Industries ("LNI") relating to his injuries. His claims were approved.

6         3.11    Hydromax did not provide Mr. Anderson with reasonable accommodations, and

7    it did not attempt to engage in the interactive process with him. For example, Plaintiff requested

8
9    and Hydromax him from taking denied time off for three weeks following the injury. They told

10   him he needed to keep working, even though he was seriously injured and needed medical care.

11        3.12    Plaintiff's supervisor and colleagues treated him differently because of his injury.

12        3.13    Hydromax took retaliatory actions against Plaintiff for suffering an injury,

13   requesting a reasonable accommodation, and for filing a workers' compensation claim. For

14
15   example, on July 12, 2018, Keanu Barnes of Hydromax ordered a 5-Panel DOT Lab Based Drug

16   Test for Jacob Anderson. According to Hydromax's records, this was part of "Random Testing."

17   It was merely a means to harass Plaintiff.

18        3.14    On July 24, 2018, Hydromax terminated Mr. Anderson.

19        3.15    The sole stated reason for their decision to termination him was "work

20   performance." Hydromax deemed this an "involuntary" termination." Hydromax decided that

21
22   Mr. Anderson is ineligible for rehire. The termination was approved by Keanu Barnes. John

23   Mickelson created a "Personnel Action Form" to terminate Mr. Anderson. He commented:

24   | Continuously refusing to receive coaching and follow safety precautions. Unmanageable personality. A serious safety liability to Company and self. Frequently late. Irresponsible, cannot be left unsupervised in any role. |

25

26        3.16    Mr. Mickelson told Plaintiff the reason for termination was that he "was too

VASHON LAW FIRM PLLC
13401 VASHON HWY SW
VASHON, WA 98070
253-242-3027
WWW.VASHONLAWFIRM.COM

1  much of a nuisance and they were tired of babying [him]." When Hydromax terminated Plaintiff,

2  they told him he was "done."

3      3.17    Hydromax's stated reason for terminating Plaintiff was pure pretext.

4      3.18    Rather, Plaintiff's termination was in retaliation for his exercising his right to

5  seek LNI benefits for a workplace injury, seeking light duty, and seeking an accommodation for

6  a disability.

7

8              IV.    FIRST & SECOND CAUSES OF ACTION
                  (Violations of Chapter 49.60 RCW *et seq.*)

9      4.1    Plaintiff realleges and incorporates by reference each and every allegation set

10  forth in the preceding paragraphs.

11

12     4.2    RCW 49.60.030(1) – a provision of the Washington Law Against Discrimination

13  ("WLAD"), RCW 49.60 *et seq.* – states:

14          "The right to be free from discrimination because of ... the presence of any
            sensory, mental, or physical disability... is recognized as and declared to be
15          a civil right. This right shall include, but not be limited to: ...a) The right to
            obtain and hold employment without discrimination[.]"
16

17     4.3    RCW 49.60.180(2) states: "It is an unfair practice for any employer: To discharge

18  or bar any person from employment because of . . . the presence of any sensory, mental, or

19  physical disability."

20     4.4    RCW 49.60.040(7)(a) and WAC 162-22-020 define "Disability" as "the presence

21  of any sensory, mental, or physical disability . . ." that (a) Is medically cognizable or

22  diagnosable; (b) Exists as a record or history; or (c) Is perceived to exist whether or not it exists

23  in fact.

24

25     4.5    WAC 162-22-025 states "[i]t is unfair practice for any employer . . . to: Refuse

26  to hire, discharge, bar from employment, or otherwise discriminate against an able worker with

VASHON LAW FIRM PLLC
13401 VASHON HWY SW
VASHON, WA 98070
253-242-3027
WWW.VASHONLAWFIRM.COM

1  a disability . . . ; or fail or refuse to make reasonable accommodation for an able worker with a

2  disability . . . ."

3      4.6    WLAD requires an employer to provide for a reasonable accommodation to a

4  disabled employee if it does not create an undue hardship.

5      4.7    WLAD prohibits an employer from retaliating against a person who engages in

6  the protected activity of requesting a reasonable accommodation.

7

8      4.8    Hydromax discriminated against Plaintiff because of his actual disability, record

9  of disability, or perceived disability.

10     4.9    Hydromax also created a retaliatory hostile work environment against Plaintiff

11 because of his actual disability, record of disability, perceived disability, and/or request(s) for

12 reasonable accommodation.

13     4.10   Hydromax failed to provide Plaintiff with a reasonable accommodation for his

14 disability.

15

16     4.11   Hydromax retaliated against Plaintiff because he requested reasonable

17 accommodations.

18     4.12   By the actions alleged above, Defendant violated the provisions of RCW 49.60

19 *et seq.* and WAC 162-22-010 *et seq.*

20              **V.     THIRD CAUSE OF ACTION**
               **(Wrongful Termination in Violation of Public Policy)**
21

22     5.1    Plaintiff realleges and incorporates by reference each and every allegation set

23 forth in the preceding paragraphs.

24     5.2    RCW 49.60.010 states:

25         The legislature hereby finds and declares that practices of discrimination
26         against *any of its inhabitants* because of . . . the presence of any sensory,

VASHON LAW FIRM PLLC
13401 VASHON HWY SW
VASHON, WA 98070
253-242-3027
WWW.VASHONLAWFIRM.COM

mental, or physical disability . . . [is] a matter of state concern, that such discrimination threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state.

5.3     RCW 49.60.030(1) states:

"The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right. This right shall include, but not be limited to: . . . a) The right to obtain and hold employment without discrimination[.]"

5.4     The right not to be discriminated against based on disability is recognized by the Washington legislature.

5.5     The right to not be terminated for filing a workers' compensation claim is acknowledged by Washington Courts as exercising a legal right or privilege, and is a clear public policy.

5.6     RCW 51.48.025 states:

No employer may discharge or in any manner discriminate against any employee because such employee has filed or communicated to the employer an intent to file a claim for compensation or exercises any rights provided under this [Workers' Compensation] title.

5.7     In addition, it is against Washington State public policy for an employer to act to suppress employee claims for worker's compensation or to retaliate against employees who refuse to submit to employer attempts to suppress such claims. RCW 51.28.010 states:

Employers shall not engage in claim suppression. For the purposes of this section, "claim suppression" means intentionally: (a) Inducing employees to fail to report injuries; (b) Inducing employees to treat injuries in the course of employment as off-the-job injuries; or (c) Acting otherwise to suppress legitimate industrial insurance claims.

5.8     Terminating and/or discriminating against an employee for filing or communicating to the employer an intent to file a workers' compensation claim jeopardizes a clear public policy.

VASHON LAW FIRM PLLC
13401 VASHON HWY SW
VASHON, WA 98070
253-242-3027
WWW.VASHONLAWFIRM.COM

5.9    Plaintiff was discharged because of his actual injury disability, record of disability, or perceived disability record, and/or requests for reasonable accommodation and for exercising his legal right to file a worker's compensation claim, both in violation of public policy.

## VI.    PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court:

A.    Declare that the actions complained of herein violate the RCW Chapters 49.60, 51.28, and 51.48; violate WAC 162-22-010 *et seq.*; constitute wrongful discharge in violation of public policy; and violate any other applicable laws;

B.    Award Plaintiff all wages, compensation, exemplary damages, liquidated damages, general damages, actual, consequential, incidental, and / or statutory damages as provided for by law and in equity to the fullest extent permitted by each of the above causes of action;

C.    Award all available damages arising from Defendants' unlawful retaliation and/or wrongful discharge in violation of public policy as set forth above, including general damages;

D.    Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

E.    Award pre-judgment and post-judgment interest to Plaintiff, as provided by law;

F.    Order Defendants to pay Plaintiff for any and all tax consequences associated with the damages and cost award, including but not limited to attorney's fees; and,

G.    Grant such other and further relief as this Court deems appropriate, equitable, or just.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 8 of 9

VASHON LAW FIRM PLLC
13401 VASHON HWY SW
VASHON, WA 98070
253-242-3027
WWW.VASHONLAWFIRM.COM

1

2          DATED this 11th day of June, 2021.

3     RAEANNE MILLER LAW FIRM          VASHON LAW FIRM PLLC

4     By: /s/ Raeanne Miller            By: /s/ Daniel Cairns
5     Raeanne Miller, WSBA #55786       Daniel Cairns, WSBA No. 49950
      9500 Roosevelt Way NE             13401 Vashon Hwy SW
6     Ste 310                           Vashon, WA 98070
      Seattle, WA 98115                 daniel@vashonlawfirm.com
7     RaeanneMillerLaw@outlook.com      (253) 242-3027
      (206) 755-4527
8                                       Attorney for Plaintiffs
9     Attorney for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S COMPLAINT FOR DAMAGES                    VASHON LAW FIRM PLLC
Page 9 of 9                                          13401 VASHON HWY SW
                                                     VASHON, WA 98070
                                                     253-242-3027
                                                     WWW.VASHONLAWFIRM.COM