THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACOB ANDERSON,<br><br>    Plaintiff,<br><br> v.<br><br>HYDROMAX USA, LLC, an Indiana Corporation, and Does 10, inclusive,<br><br>    Defendants. | No. 2:21-cv-01143<br><br>DEFENDANT HYDROMAX USA, LLC'S ANSWER & AFFIRMATIVE DEFENSES |

TO:  Jacob Anderson, Plaintiff;

AND TO: Daniel Cairns, Vashon Law Firm PLLC, and Raeanne Miller, Raeanne Miller Law Firm, Attorneys for Plaintiff;

AND TO: Clerk of the Court.

  Defendant Hydromax USA, LLC ("Defendant"), by and through its counsel of record, Jackson Lewis P.C., answers the allegations of Plaintiff's Complaint for Damages and asserts affirmative defenses as follows:

## I. ANSWER TO "NATURE OF THE ACTION"

  1.1 Defendant admits that Plaintiff Jacob Anderson's ("Plaintiff") action alleges claims identified in paragraph 1.1 of the Complaint, but Defendant denies that Plaintiff's claims have any merit.

DEFENDANT HYDROMAX USA, LLC'S ANSWER &
AFFIRMATIVE DEFENSES - 1
(Case No. 2:21-cv-01143)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

## II. ANSWER TO "PARTIES, JURISDICTION AND VENUE"

2.1     Defendant restates its prior admissions and denials and incorporates them herein.

2.2     Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

2.3     Defendant admits that it is in the business of pipeline inspection and other services supporting the utility industry.  Defendant denies that it is an Indiana corporation.  Defendant admits that it does business in Washington State, including in King County.

2.4     Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

2.5     Defendant denies that it is liable for all conduct by all of its employees.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

2.6     Defendant denies this paragraph because Defendant has removed this lawsuit to U.S. District Court for the Western District of Washington, Seattle Division.

2.7     Defendant admits that it transacts business in King County, Washington, but Defendant denies the remaining allegations of this paragraph because Defendant has removed this lawsuit to U.S. District Court for the Western District of Washington, Seattle Division.

## III. ANSWER TO "STATEMENT OF FACTS"

3.1     Defendant restates its prior admissions and denials and incorporates them herein.

3.2     Defendant denies that the facts of Plaintiff's Complaint support any claims against Defendant.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

3.3     Denied.

3.4     Admitted.

3.5     Admitted.

3.6     Admitted.

DEFENDANT HYDROMAX USA, LLC'S ANSWER &
AFFIRMATIVE DEFENSES - 2
(Case No. 2:21-cv-01143)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

3.7    Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

3.8    Defendant denies that it ordered a blood alcohol and 5-Panel DOT Lab Based Drug Test for Plaintiff instead of taking Plaintiff to seek medical treatment for his injury. Defendant admits that the drug test results were negative. Defendant further denies that it waited to take Plaintiff to the emergency room for treatment of a workplace injury until his drug test was complete. Defendant admits on information and belief that Plaintiff was diagnosed with a concussion but denies that Plaintiff's concussion was plainly apparent to Defendant. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

3.9    Defendant denies that Plaintiff required accommodations to perform his work. Defendant denies that Plaintiff informed Defendant of his needs for accommodation. Defendant denies that it became aware that Plaintiff's ability to work was affected by his injuries and that he needed an accommodation.

3.10    Defendant admits that Plaintiff filed an industrial insurance (workers' compensation) claim with the Washington Department of Labor and Industries ("LNI"). Defendant lacks knowledge or information sufficient to admit or deny that Plaintiff's claim was approved.

3.11    Defendant denies that Plaintiff requested any accommodations from Defendant following his June 15, 2018 injury, or that any accommodation was needed. Defendant denies that it had a duty to engage in the interactive process with him. Defendant denies that Plaintiff requested three weeks off following his June 15, 2018 injury. Defendant denies that Plaintiff was told that he needed to keep working. Defendant lacks knowledge or information sufficient to admit or deny Plaintiff's allegations that he was seriously injured and needed medical care for weeks after his June 15, 2018 injury, and therefore denies them.

3.12    Denied.

DEFENDANT HYDROMAX USA, LLC'S ANSWER &
AFFIRMATIVE DEFENSES - 3
(Case No. 2:21-cv-01143)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

3.13     Defendant denies that it took any retaliatory actions against Plaintiff for suffering an injury, allegedly requesting a reasonable accommodation, or filing a workers' compensation claim.  Defendant admits that on or about July 12, 2018, Keanu Barnes ordered a 5-Panel DOT Lab Based Drug Test for Plaintiff, but Defendant denies that it harassed Plaintiff.  Defendant admits that this record is stamped "Random Testing."

3.14     Admitted.

3.15      Defendant admits that, on the Personnel Action Form for Plaintiff's termination, under the question "Reasons for Involuntary Termination," the "Work performance" answer is selected but elaborates with the following comments: "Continuously refusing to receive coaching and follow safety precautions. Unmanageable personality. A serious safety liability to Company and self. Frequently late.  Irresponsible, cannot be left unsupervised in any role." Defendant admits that this Personnel Action Form lists John Mickelson in the "Created By" section and Keanu Barnes in the "Approved By" section.  Defendant further admits that Mr. Anderson is ineligible for rehire.

3.16     Defendant denies that Mr. Mickelson told Plaintiff that Plaintiff was too much of a nuisance.  Defendant admits that it terminated Plaintiff but lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

3.17     Denied.

3.18     Denied.

## IV.     ANSWER TO "FIRST & SECOND CAUSES OF ACTION (Violations of Chapter 49.60 RCW *et seq.*)"

4.1     Defendant restates its prior admissions and denials and incorporates them herein.

4.2     Defendant admits paragraph 4.1 contains a partial quote of the statute cited.

4.3     Defendant admits that paragraph 4.3 contains a partial quote of the statute cited.

4.4     Defendant admits that paragraph 4.4 contains a partial quote of the authorities cited.

4.5     Defendant admits that paragraph 4.5 contains a partial quote of the regulation cited.

DEFENDANT HYDROMAX USA, LLC'S ANSWER &
AFFIRMATIVE DEFENSES - 4
(Case No. 2:21-cv-01143)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

4.6     Defendant admits that paragraph 4.6 states part of the employer requirements under the WLAD regarding accommodation of disabled employees, but denies that Plaintiff's allegation in this paragraph constitutes a full and accurate explanation of the law of reasonable accommodation under the WLAD.

4.7     Admitted.

4.8     Denied.

4.9     Denied.

4.10    Denied.

4.11    Denied.

4.12    Denied.

## V.   ANSWER TO "THIRD CAUSE OF ACTION (Wrongful Termination in Violation of Public Policy)"

5.1     Defendant restates its prior admissions and denials and incorporates them herein.

5.2     Defendant admits that paragraph 5.2 contains a partial quote of the statute cited.

5.3     Defendant admits that paragraph 5.3 contains a partial quote of the statute cited.

5.4     Admitted.

5.5     Defendant lacks knowledge or information sufficient to admit or deny these allegations and therefore denies them.

5.6     Defendant admits that paragraph 5.6 contains a partial quote of the statute cited.

5.7     Defendant admits that paragraph 5.7 contains a partial quote of the statute cited. Defendant admits the remaining allegations in this paragraph on information and belief.

5.8     Defendant lacks knowledge or information sufficient to admit or deny these allegations and therefore denies them.

5.9     Denied.

## VI.   ANSWER TO "PRAYER FOR RELIEF"

Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant.

DEFENDANT HYDROMAX USA, LLC'S ANSWER &
AFFIRMATIVE DEFENSES - 5
(Case No. 2:21-cv-01143)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

## DEFENDANT'S GENERAL DENIAL

Defendant denies any allegation or statement in the Complaint, including Plaintiff's Prayer for Relief, that is not expressly admitted.

## DEFENDANT'S AFFIRMATIVE DEFENSES

By way of further answer and without waiving any allegations previously denied, Defendant asserts the following affirmative defenses:

1. **Mitigation/Avoidance of Consequences:** Plaintiff has failed to mitigate any alleged damages or otherwise failed to avoid consequences.

2. **Good Faith Interactive Process:** Defendant engaged in a good faith interactive process with Plaintiff regarding any alleged medical condition(s) and the need for any workplace accommodation.

3. **Undue Hardship/Direct Threat:** Any medically necessary accommodation Plaintiff claims he requested would have constituted an undue hardship for Defendant or a direct threat.

4. **Good Faith:** Defendant's conduct was reasonable and undertaken in good faith, with reasonable grounds for believing that Defendant's actions did not violate the law.

5. **Overriding Justification:** Defendant had an overriding justification for terminating Plaintiff's employment.

6. **Job-Related Conduct:** Defendant's conduct was job-related and justified by business necessity.

7. **Harassment:** To the extent that Plaintiff claims harassment, Defendant exercised reasonable care to prevent and promptly correct any allegedly harassing behavior to which Plaintiff was allegedly subjected. Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant, or otherwise failed to avoid harm.

8. **Same Decision:** Without modifying Defendant's answers to Plaintiff's allegations in the Complaint, if a trier of fact were to conclude that any protected status or activity motivated, even in part, any employment decision challenged by Plaintiff, which Defendant expressly denies,

DEFENDANT HYDROMAX USA, LLC'S ANSWER & AFFIRMATIVE DEFENSES - 6
(Case No. 2:21-cv-01143)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1  Defendant affirmatively states that the same decisions would have been made without
2  consideration of any protected status or activity.
3      9.  **After-Acquired Evidence:** Plaintiff's damages may be limited by the doctrine of
4  after-acquired evidence.
5      10. **Statute of Limitations:** One or more of Plaintiff's claims are barred by the
6  applicable statute of limitations.
7      11. **Fed. R. Civ. P. 12(b) Defenses:** One or more of Plaintiff's claims may be subject
8  to the defenses set forth in Fed. R. Civ. P. 12(b).
9      12. **Exemplary Damages:** To the extent that Plaintiff seeks exemplary damages,
10 Defendant's conduct was not willful or made with intent to deprive Plaintiff of any legal rights.
11     13. **Bona Fide Occupational Qualification:** Plaintiff did not meet a bona fide
12 occupational qualification.

### RESERVATION OF RIGHTS

In further answer, Defendant reserves the right to add additional defenses and make further claims as may be warranted by discovery.

### DEFENDANT'S REQUEST FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests the following relief from the Court:

1. That Plaintiff take nothing by the Complaint and that it be dismissed with prejudice;
2. That Defendant be awarded its reasonable attorney fees, costs, and expenses incurred; and
3. For such other and further relief as this Court may deem just and equitable.

//
//
//
//
//

DEFENDANT HYDROMAX USA, LLC'S ANSWER &
AFFIRMATIVE DEFENSES - 7
(Case No. 2:21-cv-01143)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1  DATED this 31st day of August, 2021.

2

3                                    Respectfully submitted,

4                                    JACKSON LEWIS P.C.

5

6                              By:   s/ *Michael Griffin*
                                     Michael A. Griffin, WSBA #29103
7                                    Michael.Griffin@jacksonlewis.com
                                     Ph:  206-626-6416
8                                    Jonathan M. Minear, WSBA #41377
                                     Jonathan.Minear@jacksonlewis.com
9                                    Ph:  206-626-6432
                                     520 Pike Street, Suite 2300
10                                   Seattle, WA 98101

11                                   Counsel for Defendant Hydromax USA, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT HYDROMAX USA, LLC'S ANSWER &
AFFIRMATIVE DEFENSES - 8
(Case No. 2:21-cv-01143)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the United States of America that a true and accurate copy of the document to which this declaration is affixed was sent to the following:

Raeanne Miller, WSBA #55786
RAEANNE MILLER LAW FIRM
9500 Roosevelt Way NE, Suite 310
Seattle, WA 98115
RaeanneMillerLaw@outlook.com

Daniel Cairns, WSBA #49950
VASHON LAW FIRM PLLC
13401 Vashon Hwy SW
Vashon, WA 98070
Daniel@vashonlawfirm.com

Counsel for Plaintiff

☒ via CM/ECF System
☐ via Electronic Mail
☐ via USPS Mail
☐ via Federal Express
☐ via Hand-delivery
☐ Other: _____

DATED this 31st day of August, 2021.

*Nani V.*
_____
Nani Vo

4850-5381-1957, v. 3

DEFENDANT HYDROMAX USA, LLC'S ANSWER &
AFFIRMATIVE DEFENSES - 9
(Case No. 2:21-cv-01143)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404